Jon A. Wilson
Nathan A. Burke
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
jwilson@brownfirm.com
nburke@brownfirm.com
*Attorneys for Plaintiffs The Charter*
*Oak Fire Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Plaintiffs, <br> v. <br><br> JON SHERNER; TRACEY SHERNER; TIMBERLINE GAS, LLC, d/b/a MADISON RIVER PROPANE; H. SHEPARD BAILEY; and THOMPSONGAS LLC, <br><br> Defendants. | ) Cause No.: CV-22-132-BLG-SPW-TJC <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR** <br> ) **DECLARATORY RELIEF** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COMES NOW Plaintiff The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"), by and through its attorneys of record, and alleges as follows:

## PARTIES AND GENERAL ALLEGATIONS

1. Plaintiff Charter Oak is a corporation organized under the laws of Connecticut with its principal place of business located in Connecticut. Charter Oak is authorized to transact business in Montana and regularly transacts business in Montana.

2. Upon information and belief, Defendant Jon Sherner (hereinafter "Mr. Sherner") resides in Yellowstone County, Montana, and is a citizen of Montana. Mr. Sherner is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301 because his interests would be affected by any declaration made by this Court.

3. Upon information and belief, Defendant Tracey Sherner (hereinafter "Mrs. Sherner") resides in Yellowstone County, Montana, and is a citizen of Montana. Mrs. Sherner is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301 because her interests would be affected by any declaration made by this Court.

4. Upon information and belief, Defendant Timberline Gas, LLC, d/b/a Madison River Propane (hereinafter "Timberline") has at all times material hereto been a Texas limited liability corporation with its principal place of business in Texas that transacted business in Montana. Timberline is a necessary party to this

action pursuant to Mont. Code Ann. § 27-8-301 because its interests would be affected by any declaration made by this Court.

5. Upon information and belief, Defendant H. Shepard Bailey (hereinafter "Mr. Bailey") resides in Collin County, Texas, and is a citizen of Texas. Mr. Bailey is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301 because his interests would be affected by any declaration made by this Court.

6. Upon information and belief, Defendant ThompsonGas LLC (hereinafter "ThompsonGas") is a Maryland limited liability company with its principal place of business in Maryland that transacts business in Montana. ThompsonGas is a necessary party to this action pursuant to Mont. Code Ann. § 27-8-301 because its interests would be affected by any declaration made by this Court.

7. Upon information and belief, the matter in controversy, exclusive of interests and costs, exceeds $75,000, and complete diversity exists between Plaintiff Charter Oak, which is a citizen of Connecticut, and Defendants, who are citizens of Montana, Texas, and Maryland. As such, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) and L.R. 1.2(c)(1) because Mr. and Mrs. Sherner reside in Yellowstone County,

Montana, which is within the geographical boundaries of the Billings Division, and the underlying controversy arises out of conduct that allegedly occurred in Carbon County, Montana, which is within the geographical boundaries of the Billings Division.

9. Charter Oak sold to Timberline Policy No. Y-660-5F445651-COF-20 for the policy period from February 18, 2020, through February 18, 2021 (hereinafter "Charter Oak Policy"), which included Commercial General Liability Coverage with an Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000. A copy of the Common Policy Declarations (IL T0 02 11 89 (REV. 09-07)) is attached as Exhibit 1, a copy of the Commercial General Liability Coverage Part Declarations (CG T0 01 11 03) is attached as Exhibit 2, a copy of the Commercial General Liability Coverage Form (CG T1 00 02 19) is attached as Exhibit 3, and a copy of Endorsement CG D2 03 12 97 is attached as Exhibit 4.

10. Mr. and Mrs. Sherner (hereinafter referred to collectively as "Sherners") have filed the following suit against Timberline, Mr. Bailey, and ThompsonGas in relation to an explosion on October 24, 2020, in Carbon County, Montana: *Jon Sherner and Tracey Sherner v. Timberline Gas, LLC, d/b/a Madison River Propane; H. Shepard Bailey; ThompsonGas LLC; J. Does 1-10; and J. Doe Business Entities 1-10*, Montana Twenty-Second Judicial District Court, Carbon County Cause No. DV 22-87 (hereinafter "Complaint"). The Complaint includes

counts of negligence, professional negligence, negligent infliction of emotional distress, strict liability, fraudulent transfer, and punitive damages. A copy of the Complaint, which is dated October 7, 2022, and was filed on October 12, 2022, is attached as Exhibit 5.

11. Pursuant to a demand by the Sherners, Charter Oak has paid the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage included in the Charter Oak Policy. Pursuant to such demand, the Sherners have also been paid the limit of Excess Follow-Form and Umbrella Liability Insurance included in an insurance policy issued to Timberline.

12. Charter Oak is providing Timberline and Mr. Bailey with a defense against the Complaint pursuant to a reservation of rights. However, a dispute has arisen as to the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Complaint.

## **DECLARATORY RELIEF**

13. Charter Oak restates the allegations set forth in Paragraph Nos. 1-12 as if fully set forth herein.

14. There is currently a dispute as to the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Complaint. This dispute

entitles Charter Oak to declaratory relief pursuant to 28 U.S.C. § 2201 and Mont. Code Ann. 27-8-101 *et seq.*

15. The Commercial General Liability Coverage of the Charter Oak Policy provides in pertinent part:

### SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    a. Insureds;

    b. Claims made or "suits" brought; or

    c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

    a. Medical Expenses under Coverage **C**;

    b. Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    c. Damages under Coverage **B**.

. . . .

5. Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    a. Damages under Coverage **A**; and

    b. Medical expenses under Coverage **C**;

because of all "bodily injury" and "property damage" arising out of any one "occurrence"[.]

For the purpose of determining the applicable Each Occurrence Limit, all related acts or omissions committed in providing or failing to provide first aid or "Good Samaritan services" to any one person will be deemed to be one "occurrence".

Endorsement CG D2 03 12 97 provides in pertinent part:

1. Paragraph 5 of SECTION III – LIMITS OF INSURANCE, is amended to include the following:

    Non cumulation of Each Occurrence Limit – If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will pay is limited. This policy's Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the other policies because of such "occurrence".

16. Pursuant to the language quoted in Paragraph No. 15, as well as the reasoning in *Heggem v. Capitol Indem. Corp.*, 154 P.3d 1189 (Mont. 2007), and other applicable law, the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage included in the Charter Oak Policy is the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Complaint.

WHEREFORE, Charter Oak seeks declaratory relief in the following manner:

1.   A declaration that the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage in the Charter Oak Policy is the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Complaint;

2.   For such other declaratory relief as the Court deems just and equitable under the circumstances;

3.   For an award of Charter Oak's costs; and

4.   For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 22nd day of November, 2022.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Plaintiff Charter Oak Fire Insurance Company*