Jon A. Wilson
Nathan A. Burke
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
jwilson@brownfirm.com
nburke@brownfirm.com
*Attorneys for Plaintiffs The Charter
Oak Fire Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> JON SHERNER; TRACEY SHERNER; TIMBERLINE GAS, LLC, d/b/a MADISON RIVER PROPANE; H. SHEPARD BAILEY; and THOMPSONGAS LLC, <br><br> Defendants. | ) Cause No.: 1:22-cv-00132-SPW-TJC <br> ) <br> ) <br> ) **PLAINTIFF THE CHARTER OAK** <br> ) **FIRE INSURANCE COMPANY'S** <br> ) **ANSWER TO COUNTERCLAIMS** <br> ) **OF DEFENDANTS JON SHERNER** <br> ) **AND TRACEY SHERNER** <br> ) <br> ) <br> ) <br> ) <br> ) |

COMES NOW Plaintiff The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"), by and through its attorneys of record, and answers the Counterclaims of Defendants Jon Sherner and Tracey Sherner (hereinafter referred to collectively as "Sherners") as follows:

1. Denies the allegations of Paragraph No. 1 as calling for legal conclusions, although Charter Oak does not dispute that this Court has subject matter jurisdiction over this case.

2. Denies the allegations of Paragraph No. 2 as calling for legal conclusions, although Charter Oak does not dispute that venue is proper in this Court.

3. Admits an explosion occurred on or around October 24, 2020, in Carbon County, Montana, and that the injuries and damages claimed by the Sherners in relation to such explosion are currently being litigated in the following suit: *Jon Sherner and Tracey Sherner v. Timberline Gas, LLC, d/b/a Madison River Propane; H. Shepard Bailey; ThompsonGas LLC; J. Does 1-10; and J. Doe Business Entities 1-10*, Montana Twenty-Second Judicial District Court, Carbon County Cause No. DV 22-87 (hereinafter "Underlying Action"). Charter Oak lacks sufficient information and knowledge to respond to the remaining allegations of Paragraph No. 3 and, therefore, the same are denied.

4. Admits an explosion occurred on or around October 24, 2020, in Carbon County, Montana, and that the injuries and damages claimed by the Sherners in relation to such explosion are currently being litigated in the Underlying Action. Charter Oak lacks sufficient information and knowledge to

respond to the remaining allegations of Paragraph No. 4 and, therefore, the same are denied.

5. Admits the allegations of Paragraph No. 5.

6. Admits pages 9-13 of the Complaint, which speaks for itself, identifies the claims set forth in Paragraph No. 6.

7. Admits page 13 of the Complaint, which speaks for itself, identifies the categories of damages set forth in Paragraph No. 7.

8. Admits that by e-mail dated February 10, 2021, which e-mail speaks for itself, counsel for the Sherners requested: "Can you please send us the policies in effect in October 2020 (as well as current versions) covering Timberline Gas, LLC, dba Madison River Propane?" Denies the remaining allegations of Paragraph No. 8.

9. Admits that by e-mail dated February 11, 2021, which e-mail speaks for itself, Charter Oak advised counsel for the Sherners: "I will volunteer that Madison River has adequate limits of insurance for your clients bodily injury and Property damage claims. Both Primary and excess policies are issued by a Travelers entity." Denies the remaining allegations of Paragraph No. 9.

10. Admits the allegations of the first sentence of Paragraph No. 10. Charter Oak affirmatively asserts the Commercial General Liability Coverage Part Declarations of Policy No. Y-660-5F445651-COF-20 sold by Charter Oak to

Timberline Gas, LLC, d/b/a Madison River Propane (hereinafter "Timberline") for the policy period from February 18, 2020, through February 18, 2021 (hereinafter "Charter Oak Policy") were provided to counsel for the Sherners by letter dated August 3, 2022, and relevant portions of the Charter Oak Policy were attached as Exhibits 1-4 to the Complaint for Declaratory Relief (Doc. 1). The second sentence of Paragraph No. 10 does not appear to include any allegations to which a response is required. In the event the second sentence of Paragraph No. 10 is deemed to include allegations against Charter Oak to which a response is required, the same are denied.

11. In response to the allegations of Paragraph No. 11, re-alleges the above Paragraphs.

12. Paragraph No. 12 does not appear to include any allegations to which a response is required, as it fails to identify any actual controversy that exists. In the event Paragraph No. 12 is deemed to include allegations against Charter Oak to which a response is required, the same are denied.

13. Denies the allegations of Paragraph No. 13 as calling for legal conclusions. Charter Oak affirmatively asserts that, pursuant to a demand by the Sherners, it has paid the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage included in the Charter Oak Policy, and the Sherners

have also been paid the limit of Excess Follow-Form and Umbrella Liability Insurance included in an insurance policy issued to Timberline.

14. Denies the allegations of Paragraph No. 14 as calling for legal conclusions. Charter Oak affirmatively asserts that the Commercial General Liability Coverage of the Charter Oak Policy provides in pertinent part:

**SECTION III – LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    a. Insureds;

    b. Claims made or "suits" brought; or

    c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

    a. Medical Expenses under Coverage **C**;

    b. Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    c. Damages under Coverage **B**.

. . . .

5. Subject to Paragraph **2.** or **3.** above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

    a. Damages under Coverage **A**; and

> b. Medical expenses under Coverage **C**;
>
> because of all "bodily injury" and "property damage" arising out of any one "occurrence"[.]
>
> For the purpose of determining the applicable Each Occurrence Limit, all related acts or omissions committed in providing or failing to provide first aid or "Good Samaritan services" to any one person will be deemed to be one "occurrence".

Charter Oak further affirmatively asserts that Endorsement CG D2 03 12 97 to the Commercial General Liability Coverage of the Charter Oak Policy provides in pertinent part:

> 1. Paragraph 5 of SECTION III – LIMITS OF INSURANCE, is amended to include the following:
>
>> Non cumulation of Each Occurrence Limit – If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will pay is limited. This policy's Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the other policies because of such "occurrence".

Charter Oak further affirmatively asserts that, pursuant to the quoted language, as well as the reasoning in *Heggem v. Capital Indem. Corp.*, 154 P.3d 1189 (Mont. 2007), and other applicable law, the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage included in the Charter Oak Policy is the applicable limit of insurance available under the Commercial General Liability

Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Underlying Action.

## FIRST AFFIRMATIVE DEFENSE

Charter Oak denies each and every allegation contained in the Sherners' Counterclaims not specifically admitted, denied, or qualified.

## SECOND AFFIRMATIVE DEFENSE

The Sherners' Counterclaims fail to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to the language quoted in Paragraph No. 14 *supra*, as well as the reasoning in *Heggem v. Capital Indem. Corp.*, 154 P.3d 1189 (Mont. 2007), and other applicable law, the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage included in the Charter Oak Policy is the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Underlying Action.

## FOURTH AFFIRMATIVE DEFENSE

The Sherners are not entitled to an award of attorneys' fees and costs.

## **FIFTH AFFIRMATIVE DEFENSE**

Charter Oak hereby gives notice it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list or assert such other defenses to which it may be entitled. Charter Oak also reserves the right to withdraw any affirmative defenses upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, having answered the Sherners' Counterclaims, Charter Oak prays for the following:

1. That the Sherners take nothing by reason of their Counterclaims and the same be dismissed with prejudice;

2. A declaration that the $1,000,000 Each Occurrence Limit of the Commercial General Liability Coverage in the Charter Oak Policy is the applicable limit of insurance available under the Commercial General Liability Coverage of the Charter Oak Policy in relation to the claims by the Sherners in the Underlying Action;

3. For such other declaratory relief as the Court deems just and equitable under the circumstances;

4. For an award of Charter Oak's costs; and

5.  For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 2nd day of February, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Plaintiff Charter Oak Fire Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that, on February 2, 2023, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Brandon Hoskins / Morgan B. Hoyt
   MOULTON BELLINGHAM PC
   27 North 27th Street, Suite 1900
   P.O. Box 2559
   Billings, MT 59103-2559

by the following means:

| | |
|---|---|
| _1-2_ CM/ECF | ____ Fax |
| ____ Hand Delivery | ____ E-Mail |
| ____ U.S. Mail | ____ Overnight Delivery Services |

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*